1 **WO**

6 IN THE UNITED STATES DISTRICT COURT
7 FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy K. Faron, | No. CV-08-1978-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, a Municipal Corporation, | |
| Defendant. | |

This case arises on Plaintiff's Ex Parte Motion to Set Aside Order and Judgment of Dismissal, which includes as attachments Plaintiff's Consent To Exercise Jurisdiction By United States Magistrate Judge, counsel's Affidavit and Supplemental Statement, indicating express consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c), all filed on December 23, 2008. (docket # 11) The undersigned Magistrate Judge has jurisdiction to rule upon the subject Motion.

## **BACKGROUND**

Plaintiff, represented by counsel, commenced this action on October 28, 2008. (docket # 1) On October 30, 2008 the Court issued a Notice of Assignment, ordering Plaintiff to file on or before November 12, 2008 her written election either consenting to magistrate-judge jurisdiction or electing to proceed before a United States District Judge. (docket # 6) Plaintiff did not file her election by the November 12, 2008 deadline. Accordingly, on November 21, 2008, the Court ordered Plaintiff to show cause in writing on

or before December 4, 2008 why the Court should not impose sanctions based on her failure to comply with Court orders. (docket # 8) Plaintiff neither responded to the order to show cause nor otherwise contacted the Court by the December 4, 2008 deadline. On December 19, 2008, the Honorable Neil V. Wake, United States District Judge, dismissed Plaintiff's lawsuit without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 83(f)(1) of the Local Rules of Civil Procedure. (docket # 9) Judgment was entered by the Clerk on December 19, 2008. (docket # 10)

Four days later, on December 23, 2008, Plaintiff's counsel filed his Ex Parte Motion to Set Aside Order and Judgment of Dismissal, essentially indicating that he mistakenly believed that his former secretary had followed his instructions by correctly filing Plaintiff's Consent To Exercise Jurisdiction By United States Magistrate Judge only to learn his "new secretary discovered the original form, which had not been mailed to the court." (docket # 11-3 at 1) "Plaintiff requests that the court set aside the entry of judgment and reinstate Plaintiff's Complaint based upon Rule 60b, Fed. R. Civ. P. because the oversight in this case was the result of excusable neglect by Plaintiff's counsel." (docket # 11 at 2) Counsel's averments, signed under penalty of perjury, detail his preparation and trip to New Orleans "to participate in Katrina recovery work" in November, preparation for a two-day trial in late November and recent health issues and serious diagnostic tests in early December "caused [counsel] to overlook the fact that [he] never received a notice from the court that the election form was received." (docket # 11-2 at 3)

Plaintiff's counsel cites only Rule 60(b), Fed.R.Civ.P., but the Motion is clear he relies on Rule 60(b)(1) for the relief he seeks. Counsel, however, provides no case law for authority except *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2002), which was vacated by the Supreme Court in *Pliler v. Ford*, 542 U.S. 225 (2004).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(1) provides "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [for] . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed.R.Civ.P. 60(b)(1). "Rule 60(b)(1)

- 2 -

guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2000), *overruled on other grounds*, *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Since Rule 60(b) is remedial in nature, it must be liberally applied. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (*Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)). Under the circumstances here, Plaintiff has the burden to establish the grounds for the court to set aside or modify its judgment. *Martinelli v. Valley Bank of Nevada* (In re Martinelli), 96 B.R. 1011, 1013 (9th Cir. BAP 1988)

The United States Supreme Court has held that determining whether neglect is "excusable" involves an equitable analysis that considers all relevant circumstances surrounding the party's omission, including the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008).

The Ninth Circuit has adopted a forgiving approach to excusable neglect, accepting even "weak" reasons if they reveal mere "negligence and carelessness, not...deviousness or willfulness." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). In *Bateman*, an attorney was excused from his failure to timely file a pleading because he had to leave the country on fairly short notice and, upon his return, suffered from jet lag and took some time to sort through his mail. Although this was a "weak" reason, it was enough to warrant relief under Rule 60(b)(1).

The determination of excusable neglect is left to the sound discretion of the district court. *United States v. Russell*, 578 F.2d 806, 807 (9th Cir. 1978) (*per curiam*).

## **ANALYSIS**

1    Applying the *Pioneer* analysis, the Court concludes that the dismissal order
2 should be set aside on the basis of excusable neglect. First, Plaintiff herself played no role
3 her attorney's omissions to comply with prior court orders. Second, there is no danger of
4 prejudice to Defendant as it appears Defendant has not yet been served with process, much
5 less than having incurred any attorney's fees due to Plaintiff's attorney's omissions. Third,
6 the delay in processing this case due to counsel's omissions was *de minimis*. Plaintiff's
7 attorney promptly prepared and filed the subject Motion within days of the dismissal order.
8 While Plaintiff's attorney's must accept, and does, some responsibility for his secretary's
9 omission, counsel justifiably relied upon his former secretary to do her job. Finally, there is
10 no suggestion that counsel's failure to comply with court orders was intentional or motivated
11 by bad faith. The fair and equitable ruling is to grant the subject Motion.

12    Counsel is forewarned that timely compliance with court orders is not optional
13 or discretionary. Moreover, the Court does not share counsel's view that its efforts to comply
14 with Rule 1 and the mandate of the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq*.,
15 as simply an "administrative matter." (docket # 11-2 at 3)

16    Accordingly,

17    **IT IS ORDERED** that Ex Parte Motion to Set Aside Order and Judgment of
18 Dismissal, docket # 11, is **GRANTED**. There Clerk is hereby directed to set aside the
19 Judgment and reinstate this case.

20    **IT IS FURTHER ORDERED** that Plaintiff's counsel shall serve process on
21 all Defendants within 120 days of the filing of the Complaint. Rule 4(m).

22    DATED this 24th day of December, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge